WHITNEY (HARDING v.). See Case No. 6,052.

## Case No. 17,589.

### WHITNEY v. HUNTT.

[5 Cranch, C. C. 120.] [1]

Circuit Court, District of Columbia. March Term, 1837.

AUTHENTICATION OF DEPOSITIONS — NEGOTIABLE INSTRUMENTS—DEMAND OF PAYMENT—ADMISSIBILITY OF DECEASED NOTARY'S BOOKS—PROVINCE OF JURY.

1. A deposition taken in Louisiana before a person who calls himself "a commissioner duly appointed by the district court of the United States for the Eastern district of Louisiana, under and by virtue of the act of congress [2 Stat. 679] entitled 'An act for the more con-

[1] [Reported by Hon. William Cranch, Chief Judge.]

venient taking of affidavits and bail in civil causes depending in the courts of the United States,'" and inclosed and directed to the clerk of this court, may be read in evidence to the jury, without further authentication.

2. Extracts from the notarial book of a deceased notary in Louisiana (proved by a witness who has the lawful possession of the book, and is authorized by the laws of Louisiana to certify the same) may be given in evidence in this court, to prove demand of payment of a promissory note, and notice to the indorser.

3. The court will leave it to the jury to decide, from the evidence, where the indorser (the defendant) resided when the note fell due, and whether the post-office to which the notice was sent was the nearest post-office to the defendant's residence; and will instruct them that if the notice was put into the post-office and directed to the defendant at the post-office nearest to his residence, it was sufficient notice, and that the holder had used due diligence in that respect.

Assumpsit [by Joseph Whitney] against [Thomas F. Huntt] the indorser of three promissory notes of Moses Duffy, dated at New Orleans on the 23d of June. 1824, and payable respectively, at one, two, and three years, each note being for the sum of $363.-81¼.

Upon the trial, Mr. Hale, for the plaintiff, offered to read, in evidence to the jury. the deposition of one Felix Percy, taken before T. W. Collens, who certifies himself to be "a commissioner appointed by the district court of the United States for the Eastern district of Louisiana, under and by virtue of the act of congress, entitled, 'An act for the more convenient taking of affidavits and bail in civil causes depending in the courts of the United States.'" The deposition was sealed up by the commissioner, and directed "to the clerk of the circuit court of the District of Columbia, for the county of Washington." The act of congress referred to is the act of the 20th of February, 1812, c. 348 (2 Stat. 679), which authorizes the circuit court of the United States, in any district, &c., "to appoint such and so many discreet persons, in different parts of the district, as such court shall deem necessary to take acknowledgments of bail and affidavits; which" "shall have the like force and effect as if taken before any judge of the said court," &c. And by the act of March 1. 1817, c. 30 (Pamph. Laws, 212, 3 Stat. 350), entitled, "An act in addition to an act, for the more convenient taking of affidavits and bail in civil causes depending in the courts of the United States," it is enacted. "That the commissioners who now are, or hereafter may be, appointed by virtue of the act entitled an act for the more convenient taking of affidavits and bail in civil causes depending in the courts of the United States, are hereby authorized to take affidavits and bail in civil causes, to be used in the several district courts of the United States; and shall and may exercise all the powers that a justice or judge of any of the courts of the United States may exercise by virtue of the thirtieth section of the act entitled an act to establish the judicial courts of the United States." By the act of April 8, 1812 (2 Stat. 701), the district court of the United States, for the state of Louisiana, has the powers of a circuit court.

R. S. Coxe, for defendant, objected to the deposition, and contended that the commissioners, under the act of 1812, were only authorized to take depositions, &c., in causes depending in their own courts, or in the district courts, under the act of 1817. That the appointment of the commissioner should be authenticated by the record; and the deposition should have been directed to this court, and not to the clerk.

THE COURT (MORSELL, Circuit Judge, contrà) permitted the deposition to be read. It went to prove the entries made in the notarial book of a deceased notary-public, in New Orleans, as to the demand of payment of the notes, and the notice given to the indorser, the defendant. By those entries it appeared that payment of the first note was demanded of the maker in person, and notice given in person to the defendant. That the notice as to the second note, was by letter addressed to the defendant, "at Camp's Post-Office, near Iberville, Louisiana." And as to the third note, by letter addressed to the defendant, "in the Parish of Iberville, in Louisiana." Parol evidence was also offered that the defendant said that in regard to two of the notes, the plaintiff would be unable to prove notice to him; that he did not live in or near Iberville when the same fell due. He also mentioned Baton Rouge as a place in or near which he resided at the time. Evidence was also given that Iberville is a large parish in Louisiana, on both sides of the Mississippi; that on the east side it extends up to within about ten miles of Baton Rouge, and on the other side, opposite or nearly opposite Baton Rouge, and many miles below. That the defendant was an officer in the army, and was on public service during the time he resided up the Mississippi; and that the arsenal and military post of the United States was at or immediately in the vicinity of Baton Rouge, on the side of the river opposite to the town of Iberville, and several miles therefrom. Whereupon the defendant's counsel prayed the court to instruct the jury, that from the evidence aforesaid they could not infer that due notice was given to the defendant of the demand and refusal of the maker of said notes, to charge the indorser.

But THE COURT refused to give the instruction as prayed, and instructed them that if they should be satisfied, by the evidence, that the defendant resided at or near Iberville, in Louisiana, at the time of the protest of the said note, payable two years after date, and that Camp's Post-Office, mentioned in the certificate of the deceased notary, as stated in the deposition of Felix Percy, was

the post-office at Iberville. and that it was the nearest post-office to the residence of the defendant at that time, it was sufficient notice to the defendant, and that the holder had used due diligence in that respect. To which refusal and instruction the defendant excepted, as well as to the admission of the deposition of Felix Percy.

The jury found a verdict for the plaintiff, for the amount of the two first notes.

No writ of error was issued, and the judgment was satisfied.